UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NATHANIEL J. BUCKLEY,

*Plaintiff*,

    -against-                     **COMPLAINT
AND JURY DEMAND**

NIAGARA FRONTIER TRANSPORTION AUTHORITY
M&T BANK CORPORATION,
ALLIEDBARTON SECURITY SERVICES LLC
RICHARD RUSSO, individually and in his official
capacity as NFTA police officer,
ADAM BRODSKY, individually and in his official
capacity as NFTA police officer,
GEORGE GAST, individually and in his official capacity
as NFTA police chief,
ADAM REES,
JACQUELINE M. JACKSON,
DAVID MONDRY,

*Defendants*.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff NATHANIEL J.

BUCKLEY, hereby demands a jury trial of all issues so triable.

**I. INTRODUCTION**

1.      This is an action seeking monetary damages, to redress illegal conduct by the

defendants, who deprived the plaintiff of various rights and privileges secured by

the Constitution and laws of the United States, specifically the First, Fourth and

Fourteenth Amendments to the United States Constitution and the Civil Rights

Act of 1871, 42 U.S.C. §§ 1983 and 1985 as well as the common law of the State

of New York.

## II. JURISDICTION

2.    This action seeks to enforce rights guaranteed by the Constitution and laws of the United States and is brought pursuant to 42 US.C. §§ 1983 and 1985. Jurisdiction is based upon 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 (supplemental jurisdiction). The substantive federal claims are brought pursuant to 42 U.S.C. §§1983 and 1985. The Court has supplemental jurisdiction over state common law claims.

3.    Venue is proper in the Western District of New York, under 28 U.S.C. §1391(b), because all parties reside in this District and because all of the events or omissions giving rise to the claims occurred within this District.

## III. PARTIES

4.    Plaintiff NATHANIEL J. BUCKLEY is, and at all times hereinafter mentioned was, a resident of the City of Buffalo, County of Erie and State of New York.

5.    The defendant NIAGARA FRONTIER TRANSPORTATION AUTHORITY (NFTA) is a public benefit corporation operating under the laws of the State of New York with offices in Buffalo, New York.

6.    The defendant M&T BANK CORPORATION is a New York State domestic business corporation with offices in Buffalo, New York.

7.    The defendant ALLIEDBARTON SECURITY SERVICES LLC, is a foreign limited liability company, operating under the laws of the State of Delaware and authorized to do business in New York State with offices in Buffalo, New York.

8.    RICHARD RUSSO, was at all times herein employed by the NFTA as a police officer.

9.      He resides in Erie County and is sued individually and in his official capacity as an NFTA police officer.

10.     ADAM BRODSKY was at all times herein employed by the NFTA as a police officer.

11.     He resides in Erie County and is sued individually and in his official capacity as NFTA police officer.

12.     GEORGE GAST, was at all times herein employed by the NFTA as police chief.

13.     He resides in Erie County and is sued individually and in his official capacity as NFTA police chief.

14.     ADAM REES, a resident of Erie County, at all times herein was employed by ALLIEDBARTON SECURITY SERVICES LLC and M&T BANK CORPORATION.

15.     JACQUELINE M. JACKSON, a resident of Erie County, at all times herein was employed by ALLIEDBARTON SECURITY SERVICES LLC and M&T BANK CORPORATION.

16.     DAVID MONDRY, a resident of Erie County, was at all times herein employed by M&T BANK CORPORATION.

17.     At all times herein, the individual defendants were acting within the scope of their employment.

18.     At all times herein, the individual defendants employed by NFTA were acting under color of state law.

## IV. FACTUAL ALLEGATIONS APPLICABLE TO ALL

## CAUSES OF ACTION

19.    On April 8, 2011, at about 6:30 p.m., plaintiff was attending an antiwar protest near the M & T Bank on Main Street nearby 3 Fountain Plaza in downtown Buffalo.

20.    At that time and place, Mr. Buckley, was accosted by police officers employed by the NFTA including RICHARD RUSSO and ADAM BRODSKY and was assaulted, battered, struck, subjected to pepper-spray, falsely arrested by them, and taken against his will to Buffalo Police headquarters/Central Booking at 74 Franklin St., Buffalo, New York.

21.    Prior to being arrested, plaintiff was on public property or property open to public access.

22.    Said property was not marked as private property, posted against trespassing or enclosed.

23.    At all times herein, the plaintiff was lawfully on such property and did not violate any lawful order to leave the alleged private property.

24.    Plaintiff was actually arrested on the publicly-owned sidewalk at 3 Fountain Plaza.

25.    The above-named employees of the NFTA caused the various criminal charges to be initiated and/or continued against Plaintiff in Buffalo City Court.

26.    On information and belief, the above-named NFTA employees, acting within the scope of their employment, endorsed, approved, participated in, or acquiesced in, the arrest, investigation of and the filing of the charges against plaintiff.

27.     Said charges were brought with malice and without probable cause.

28.     Plaintiff was falsely arrested and maliciously prosecuted for obstructing governmental administration 2nd degree (PL 195.05), resisting arrest (PL 205.30), and trespass (PL 140.05).

29.     The plaintiff was also initially falsely charged with several other offenses which, on May 5, 2011, were dismissed before trial on motion of the prosecutor and because they lacked any merit.

30.     These included: riot in the 2nd degree, inciting to riot, unlawful assembly, and four counts of disorderly conduct.

31.     On or about June 8, 2011, the following superseding charges were filed: obstructing governmental administration 2nd degree (PL 195.05), resisting arrest (PL 205.30), and trespass (PL 140.05).

32.     Officers Richard Russo and Adam Brodsky, and on information and belief,  Chief George Gast, initiated and/or continued the following charges against the Plaintiff on or about April 8, 2011: obstructing governmental administration 2nd degree (PL 195.05), resisting arrest (PL 205.30), trespass (PL 140.05).

33.     The above named officers and employees of the NFTA then assisted in the filing of the following superseding charges against the Plaintiff on or about June 8, 2011: obstructing governmental administration 2nd degree (PL 195.05), resisting arrest (PL 205.30), trespass (PL 140.05).

34.     Adam Rees, an employee of Allied Barton Security Services, a firm working for M & T BANK and under the control of M&T BANK and its employees, traveled to Buffalo Police Headquarters and signed a criminal complaint for trespass on

April 8, 2011.  He also gave a sworn statement to the NFTA police department on May 2, 2011.

35.    Jacqueline M. Jackson, also employed by Allied Barton Security Services, signed a supporting deposition on June 8, 2011.

36.    David Mondry, a Vice President of M & T, also gave a statement to the police, closely monitored the situation and kept M & T senior vice-president Keith Belanger and other M & T executives apprised.

37.    Mr. Mondry later testified against Mr. Buckley at trial and made it clear that  he was directing the actions of Ms. Jackson and requesting that the police take action against Mr. Buckley.  In his statement to police, he stated: "I am in charge of the security operations."

38.    Thus, M & T is fully responsible for the actions of Ms. Jackson as if she had been an employee.

39.    At all times herein, Ms. Jackson, Mr. Rees, and Mr. Mondry supported, aided and encouraged NFTA officers to initiate false and frivolous criminal charges against Mr. Buckley.

40.    They also made efforts to continue the prosecution until it was terminated by the court as discussed below.

41.    Said charges were brought with malice and without probable cause.

42.    As a result of the charges being filed, Mr. Buckley was forced to answer the charges in Buffalo City Court before Judge Joseph A. Fiorella.

43.    He was arraigned on April 15, 2011.

44.    A jury trial was held on the charges from June 4, 2012 through June 14, 2012.

45.     The trial ended in a mistrial due to juror misconduct.

46.     Trespass charges against two co-defendants, similar to the trespass charge against
the plaintiff, were resolved by a not guilty finding by the Court.

47.     On August 31, 2012, Mr. Buckley moved to dismiss the charges in the furtherance
of justice.

48.     Judge Fiorella dismissed the charges on the merits and in favor of the plaintiff in a
decision dated December 20, 2012.

49.     He issued an amended decision dated January 10, 2013.

50.     Judge Fiorella found "that the NFTA officers did engage in improper conduct
which is repugnant to this Court's sense of justice."  [page 10]

51.     He further concluded that "as to the evidence of guilt. . . this Court found none."
*Id.*

52.     The District Attorney filed a notice of appeal on January 9, 2013.

53.     However, the District Attorney subsequently stipulated to a dismissal of the
appeal with prejudice.

54.     On February 4, 2013, Erie County Judge Michael D'Amico dismissed the appeal.

55.     The dismissal order was served on Plaintiff's attorneys by mail on or about March
1, 2013.

56.     On information and belief, throughout the prosecution of the charges, the
defendants supported the continuance of the prosecution and never asked the
court or prosecutor to unconditionally dismiss the charges, in spite of several
meetings with the prosecutor including during the trial.

57.     The plaintiff was thus forced to attend an arraignment and about ten pretrial court appearances and about seven trial days of a jury trial and was forced to retain counsel and spend numerous days and hours defending himself from the charges.

## V. LEGAL CLAIMS

### FIRST CAUSE OF ACTION UNDER 42 U.S.C. § 1983 and 1985--MALICIOUS PROSECUTION IN VIOLATION OF THE RIGHT TO DUE PROCESS AND LIBERTY-FOURTH, FIFTH AND FOURTEENTH AMENDMENTS, U.S. CONSTITUTION

58.     The individual NFTA defendants, acting jointly and severally, conspired to and did maliciously prosecute the plaintiff.

59.     The defendants initiated and continued criminal proceedings against the plaintiff without probable cause, and with actual malice.

60.     The charges against plaintiff were dismissed on the merits and with finality.

61.     The Plaintiff, as the result of being required to retain counsel and attend numerous court proceedings including a jury trial, suffered a post-arraignment deprivation of liberty.

62.     The defendants' actions violated the Plaintiff' clearly established right to liberty and personal security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

63.     The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff' clearly established constitutional right to liberty and personal security.

64. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff clearly established Fourth and Fourteenth Amendment rights.

65. At all times relevant herein, the Defendants were acting under color of state law, or conspired with individuals acting under color of state law to deprive plaintiff of their constitutional rights. *Adickes* v. *S.H Kress & Co.,* 398 U.S. 144, 150 (1970)

66. As a direct result of the Defendants' conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION UNDER 42 U.S.C. § 1983—FALSE ARREST—FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSITUTION**

67. The defendants RICHARD RUSSO and ADAM BRODSKY, acting jointly and severally, conspired to and did falsely arrest plaintiff without probable cause of the commission of any offense or crime and without a warrant or other privilege.

68. The defendants intended to confine the plaintiff.

69. The plaintiff was at all times conscious of the confinement.

70. The plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

71. Plaintiff was confined against his will by the defendants for about three hours.

72. The Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

73. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty.

74.    The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiffs' clearly established Fourth and Fourteenth Amendment rights.

75.    At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

76.    As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION UNDER 42 U.S.C. § 1983---FAILURE TO PREVENT UNCONSTITUTIONAL ACTS COMMITTED WITHIN THEIR PRESENCE--- FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS, U.S. CONSTITUTION

77.    The defendants RICHARD RUSSO and ADAM BRODSKY, being police officers, failed to take reasonable steps to prevent their fellow officer from engaging in the illegal acts alleged herein, though they were present at the scene of such violations and were capable of doing so. *Anderson v. Branen,* 17 F3d 552 (2nd Cir. 1994).

78.    The Defendants' actions violated the Plaintiff's clearly established right to be free from false arrest, assault, battery and the use of excess force under the Fourth and Fourteenth Amendments.

79.    The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional rights.

80.    The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiff's clearly established Fourth, Fifth and Fourteenth Amendment rights.

81. At all times relevant herein, the Defendants were acting under color of state or federal law.

82. As a direct result of the Defendant's conduct, the Plaintiffs suffered actual damages, and incurred attorneys' fees and costs.

**FOURTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983—ASSAULT—FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSITUTION**

83. The defendants RICHARD RUSSO and ADAM BRODSKY, did assault the plaintiff by intentionally placing him in fear of imminent or offensive contact including, in the case of RICHARD RUSSO, brandishing a taser gun.

84. The defendants also spoke of shooting the plaintiff in the back of the head "if the rally had gotten out of control," thus placing plaintiff in fear of his life.

85. Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

86. The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty.

87. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiffs' clearly established Fourth and Fourteenth Amendment rights.

88. At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

89. As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION UNDER 42 USC 1983—BATTERY-- FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSITUTION**

90.   The defendants RICHARD RUSSO and ADAM BRODSKY, acting in concert, did batter the plaintiff by grabbing him, striking him, knocking him off balance, dragging him, pushing his head into a wall, and, in the case of ADAM BRODSKY, hitting him with a baton and subjecting him to pepper spray or mace directly into his face, all without his consent or lawful privilege.

91.   Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

92.   The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty and security.

93.   The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiffs' clearly established Fourth and Fourteenth Amendment rights.

94.   At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

95.   As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION UNDER 42 U.S.C. § 1983—EXCESS FORCE— FOURTH AND FOURTEENTH AMENDMENTS, U. S. CONSITUTION

96.     The defendants RICHARD RUSSO and ADAM BRODSKY, acting in concert, did subject the plaintiff to excess force while arresting him, including unnecessarily striking him, grabbing him and subjecting him to pepper spray all without his consent.

97.     The defendants also subjected him to overly tight handcuffs, resulting in injury to his hands and they pushed the front of his neck directly into a sharp-edged block of concrete supporting a column of the bank building.

98.     The use of such force was objectively unreasonable under the circumstances.

99.     Defendants' actions violated the Plaintiff's clearly established right to personal liberty and security as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

100.    The Defendants knew, or reasonably should have known, that their conduct violated the Plaintiff's clearly established constitutional right to liberty.

101.    The Defendants acted with intent to violate, or with deliberate or reckless indifference to, the Plaintiffs' clearly established Fourth and Fourteenth Amendment rights.

102.    At all times relevant herein, the Defendants were acting under color of state law, or conspired with those who did act under color of state law.

103.    As a direct result of the Defendants' conduct, the Plaintiff suffered actual damages, attorneys' fees, and costs.

### SEVENTH CAUSE OF ACTION UNDER STATE COMMON LAW-MALICIOUS PROSECUTION—AGAINST ALL DEFENDANTS

104.    The individual defendants acting within the scope of their employment, caused false and malicious criminal charges to be initiated and continued against the plaintiff.

105.    The defendants initiated and continued criminal proceedings against the plaintiff without probable cause, and with actual malice.

106.    The charges against plaintiff were dismissed on the merits and with finality.

107.    As a direct result of the Defendants' conduct, the Plaintiff has suffered actual damages, attorneys' fees, and costs.

108.    On March 20, 2013, the plaintiff filed a notice of claim against the NFTA for common law malicious prosecution.

109.    At least thirty days have elapsed since the service of such notice and adjustment or payment thereof has been neglected or refused.

110.    This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

### VI. DAMAGES

111.    On account of the Defendants' actions and violations of their rights as set forth above, the Plaintiff suffered actual damages, including loss of liberty, pain, suffering, humiliation and emotional distress, and was forced to expend funds for attorneys' fees and related expenses such as court transcripts in defense of the criminal charges against him.

112.    Plaintiff was forced to seek medical treatment for injuries to his eyes and his hands due to overly tight handcuffs.

14

113.    Plaintiff is entitled to recover damages, attorney's fees (in this action and for the criminal prosecution), costs, and punitive damages.

114.    Plaintiff demands prejudgment interest on all elements of out-of-pocket loss including attorneys' fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

1.    Assume jurisdiction of this action;

2.    Enter judgment against the Defendants and in favor of the Plaintiff;

3.    Award the Plaintiff compensatory damages of $500,000, including prejudgment interest on any out-of-pocket damages;

4.    Impose punitive damages of $100,000 against each individual defendant;

5.    Award Plaintiff all costs and disbursements incurred in the prosecution of this action, including reasonable attorneys' fees under 42 U.S.C. §1988; and

6.    Enter such other and further relief as the Court deems just and proper.

Dated:        Buffalo, New York
              December 18, 2013            /s/ James Ostrowski
                                           JAMES OSTROWSKI
                                           Attorney for Plaintiff
                                           63 Newport Ave.
                                           Buffalo, New York 14216
                                           (716) 435-8918
                                           jameso@apollo3.com

                                           /s/ Michael Kuzma
                                           MICHAEL KUZMA
                                           Attorney for Plaintiff
                                           1893 Clinton St.
                                           Buffalo, NY 14206
                                           (716) 822-7645
                                           Kuzma_Michael@hotmail.com