UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

NATHANIEL BUCKLEY,

       Plaintiff,

    -vs-

NIAGARA FRONTIER TRANSPORTATION
AUTHORITY, MANUFACTURERS AND
TRADERS TRUST COMPANY,
ALLIEDBARTON SECURITY SERVICES,
LLC, RICHARD RUSSO, individually
and in his official capacity
as an NFTA police officer,
ADAM BRODSKY, individually and
in his official capacity as
an NFTA police officer,
GEORGE GAST, individually and
in his official capacity as
NFTA police chief, ADAM REES,
JACQUELINE M. JACKSON,
and DAVID MONDRY,

       Defendants.

**13-CV-01205-MAT**
**DECISION AND ORDER**

─────────────────────────────────

## I.   Introduction

Plaintiff Nathaniel Buckley ("plaintiff" or "Buckley") filed this action against defendants on December 18, 21013, asserting constitutional violations and malicious prosecution claims against defendants stemming from his arrest during a protest in Buffalo, New York. On July 21, 2016, United State Magistrate Judge Michael J. Roemer issued a Report and Recommendation ("R&R") (Docket No. 73), the parties' familiarity with which is assumed, recommending that defendants' summary judgement motions be granted and the complaint be dismissed.

For the reason discussed below, the Court finds no clear error in Judge Roemer's Report and Recommendation, and therefore adopts the R&R in its entirety.

## II. Discussion

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).   When only general objections are made to a magistrate judge's report and recommendation, the district judge reviews it for clear error or manifest injustice. *E.g., Brown v. Peters*, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999).   After conducting the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Here, the Court has conducted a thorough review of the record, the Report and Recommendation, and the relevant legal authority and finds no clear error or manifest injustice.

### Plaintiff's Objections

Plaintiff objects to Judge Roemer's conclusions in the R&R that: (1) Niagara Frontier Transportation Authority ("NFTA") officers, defendants Richard Russo ("Russo") and Adam Brodsky ("Brodsky"), were entitled to qualified immunity for the malicious

prosecutions and false arrest and imprisonment claims for the reasons discussed below; (2) there was probable cause to arrest plaintiff on all charges; (2) defendants were entitled to summary judgment as to the malicious prosecution relating to the charges of riot, inciting to riot, unlawful assembly and disorderly conduct; and (3) there was no issue of fact concerning defendants' alleged use of excessive force during plaintiff's arrest.

Because plaintiff's objections merely reiterate the arguments that were fully briefed in his original motion papers, the Court reviews the R&R for clear error. As to whether the officers had probable cause to charge plaintiff with riot in the second degree, inciting to riot, unlawful assembly, and disorderly conduct, which were dismissed by the prosecutor, and trespass, obstructing governmental administration, and resisting arrest, which were dismissed by the local court judge in the interest of justice after a mistrial, the Court finds no error in the conclusion reached by Judge Roemer in his R&R.

First, the Court notes that, contrary to plaintiff's contention, defendants moved for summary judgment and dismissal of the complaint in its entirety, including the malicious prosecution claims for all the charges filed against plaintiff. Therefore, plaintiff's contention that Judge Roemer improperly recommended summary judgment on these claims, *sua sponte*, as they relate to disorderly conduct, riot, inciting a riot, or unlawful assembly is

-3-

without merit.  Secondly, the Court agrees with Judge Roemer that Officers Brodsky and Russo are entitled to qualified immunity on the malicious prosecution causes of action because (1) "a reasonable officer could find that all of the charges were supported by probable cause" and (2) Brodsky "did not initiate the prosecution" against plaintiff.  R&R, p. 11.

As to the trespass charge, the Court rejects plaintiff's objection to the R&R and finds no error in Judge Roemer's well-supported determination that "[a] reasonable officer could find that Officer Russo had ample reason to believe that [plaintiff] was knowingly and unlawfully standing on private property." R&R, p. 12. Drawing all reasonable inferences in favor of the nonmoving party, plaintiff's contention that the protestors reasonably believed themselves to be standing in a public space is contrary to the record, which reveals that Officer Russo was informed that the large crowd of protestors was not only refusing to leave the bank's property but had been loudly shouting profanity while doing so.  In his R&R, Judge Roemer references a portion of the video depicting the incident that shows Russo repeatedly informing the crowd, which includes plaintiff, that they were trespassing on private property. Considering the facts available to the officers at the time of plaintiff's arrest, the Court finds no clear error or manifest injustice in Judge Roemer's finding that the officers had probable cause to arrest plaintiff with trespass.

-4-

The Court finds plaintiff's assertion that defendant officers should have known the exact location of the property line and should have clearly communicated this to the protestors to be unreasonable and having no material bearing on the officers' actual knowledge at the time of the incident.  Moreover, plaintiff "does not point to any record evidence from which a reasonable jury might infer that [defendants] acted with actual malice," and, therefore, his malicious prosecution claim is subject to dismissal.  *Kalfus v. N.Y. & Presbyterian Hosp.*, 476 F. App'x 877, 880 (2d Cir. 2012)(internal quotation marks omitted).   Despite plaintiff's attempts to attribute false or misleading statements to defendant Adam Rees, in an effort to establish malice, the self-serving accusations are equivocal, unsupported by the record, and/or not indicative of actual malice.

The Court further finds no error in Judge Roemer's determination of plaintiff's excessive force claim. "The reasonableness of the force used [during an arrest] must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Yevstifeev v. Steve*, 860 F. Supp. 2d 217, 221 (W.D.N.Y. 2012) (internal quotation marks omitted).  "[T]he question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989).  The

reasonableness of an arresting officer's conduct is evaluated "in light of the information the officers possessed" at the time of the arrest. *Zellner v. Summerlin*, 494 F.3d 344, 370 (2d Cir. 2007).

Officer Russo's testimony reveals that when he arrived at the scene, he spoke to the bank's security officers and heard plaintiff chanting, "fuck no, we won't go," along with the crowd of protestors. Russo deposition, p. 37.  Plaintiff then "repeatedly placed himself in [Russo's] path preventing [him] from doing [his] job." Russo deposition, p. 14.  When Russo grabbed plaintiff and informed him that he was under arrest, plaintiff "started the flailing," eventually breaking free and fleeing down the street away from the officer. Russo deposition, p. 14.  Russo testified that he had been "grabbing at [plaintiff] and attempting to take him into custody" when Officer Brodsky applied pepper spray to plaintiff, who was "flailing about" or bracing his arms against the officers to resist their control. Russo deposition, p. 6.  Russo further testified that at the same time that plaintiff's "physical resistence was preventing" the officers' efforts to place him into custody, an "angry mob" was approaching their location and creating a "potentially dangerous" situation. Russo deposition, p. 8-9.  In light of these circumstances, which is supported by the record evidence, and the fact that the officers had not been able to place plaintiff into physical custody due to his resistance, plaintiff

has failed to present evidence sufficient to convince a reasonable finder of fact that he was subjected to excessive force.

With respect to plaintiff's remaining state law claim for malicious prosecution, the Court finds no error in Judge Roemer's analysis and agrees with the findings of the R&R that this claim should be dismissed on the merits as well. As such, this Court finds no clear error or manifest injustice in Judge Roemer's findings, as a whole, and adopts the R&R in its entirety.

## III. Conclusion

For the reasons set forth in Judge Roemer's thorough and well-reasoned Report and Recommendation, the undersigned adopts all of his conclusions. The Report and Recommendation (Docket No. 73) is hereby adopted in its entirety, and defendants' summary judgment motions are granted (Docket Nos. 56, 58 and 67). The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

**S/Michael A. Telesca**

_____
MICHAEL A. TELESCA
United States District Judge

Dated:     December 21, 2016
           Rochester, New York